J. H. BRADFORD, Respondent, v. LUKE M. EMERSON, Appellant.

St. Louis Court of Appeals, January 30, 1894.

The evidence is considered, and the issues are *held* to have been properly submitted to the jury.

*Appeal from the Pike Circuit Court.*—HON. R. F. ROY, Judge.

AFFIRMED.

*Clark & Dempsey* and *J. D. Hostetter* for appellant.

*Joseph Tapley* for respondent.

BOND, J.—Respondent sued appellant, who is a dealer in jacks, for a commission of $100 on the sale of each of three jacks, alleged to be due respondent as commissions for procuring a buyer, and for $21.10 as expenses paid out by respondent in procuring a purchaser. The answer was a general denial. The evidence tended to show that respondent received the following letter from appellant:

"BOWLING GREEN, Mo., Jan. 7, 1892.

"*J. H. Bradford, Esq., Belleville, Kan.*

"DEAR SIR: Yours to hand. In reply will say that I have on hand at present one hundred and fifty head of choice mammoth jacks and jennets. They are fine and large, 14 1-2 to 16 1-2 hands high, 75 head,

15 hands and upwards to select from. Go ahead and work up trade. Send customers; when you find a man that will buy a jack bring him right through. I will pay your expenses, and give you $75 per head. I know that—can suit any one as regards to quality of stock and price. Prices, good jack for $575 to $675; 15 hand jack, 775. I send you full description. Any one will do well to come and look at my stock before buying elsewhere. Let me hear from you again soon.

"Truly yours,

"LUKE M. EMERSON."

And that respondent thereafter asked $100 a head for selling jacks, and received the following letters from appellant:

"BOWLING GREEN, Mo., Jan. 16, 1892.

"J. H. Bradford, Esq., Belleville, Kansas.

"MY DEAR SIR: Yours of the 11th inst. at hand. Will say bring on some of your parties that want jacks. We will try and make satisfactory arrangement. Can give 12 months time on bankable paper drawing six per cent. Hope to see you here soon.

"LUKE M. EMERSON."

"BOWLING GREEN, Mo., Jan. 26, 1892.

"J. H. Bradford, Esq., Belleville, Kansas.

"MY DEAR SIR: Yours of the second inst. received. Go ahead and bring customers, and I will pay you your price. Bring them as soon as possible, for my jacks are going fast.

"Yours truly,

"LUKE M. EMERSON."

There was also evidence tending to show that respondent and a Mr. Young went from Belleville, Kansas, to the farm of appellant near Bowling Green, Missouri; that appellant effected a sale to Mr. Young of three jacks at that time, and that respondent was instrumental in making the sale; that his expenses

were paid by him over part of the route to appellant's farm, and amounted to about $21.10.

There was evidence tending to show that, at the time of his trade, respondent stated to plaintiff that he wanted his commission of $300, and that plaintiff replied that he could not pay it until he got it from Young. On the other hand, the testimony of appellant was to the effect that he had had some correspondence with respondent, and had agreed to pay him $75 for each jack he (respondent) sold, that he never at any time agreed to pay him $300 as soon as Young paid for the jacks; that respondent did not make any claim while he was at appellant's farm at the time of the sale of the jacks to Young; that he never agreed to pay respondent's expenses; and that appellant *himself* made the sale of the jacks to Young.

On the trial the court in substance instructed the jury that, if they believed from the evidence that respondent was employed by appellant to sell jacks at, and for, a commission of $100 on the sale of each jack made by him, and that he sold one or more jacks under such contract, then their verdict should be for $100 for each jack so sold.

These instructions necessarily involved a finding by the jury that respondent was not employed at a commission of $75 for each jack sold by him as the agent of appellant. This theory was not excluded from the jury by the instructions in question; nor was there any error in the other instructions given by the court in this case. The judgment is, therefore, affirmed. All concur.